UNITED STATES of America,
Plaintiff–Appellee,

v.

Gabriel TRUJILLO–LOPEZ,
Defendant–Appellant.

No. 00–10602.

D.C. No. CR–00–00324–PGR.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge,
TROTT and PAEZ, Circuit Judges.

MEMORANDUM**

Gabriel Trujillo–Lopez appeals his conviction and sentence following a jury trial for being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a). Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Trujillo–Lopez's attorney has filed a motion to withdraw as counsel, and Trujillo–Lopez has filed a pro se supplemental brief. We conclude that there are no arguable issues for appeal.

Counsel identifies one potential issue for review: whether the trial court committed reversible error in denying Trujillo–Lopez's motion to exclude evidence of his 1995 deportation under Fed.R.Evid. 403. We review the district court's Rule 403 evidentiary rulings for abuse of discretion, *see United States v. McInnis,* 976 F.2d 1226, 1231 (9th Cir.1992), and find none.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Evidence pertaining to the 1995 deportation was probative of Trujillo–Lopez's alien status. In addition, the 1995 deportation provided the foundation for the 1998 removal, which was in turn an essential element of the offense. *See United States v. Mendoza–Lopez,* 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). Even assuming the evidence regarding the 1995 deportation was needlessly cumulative, any error in its admission was harmless in light of the other evidence establishing Trujillo–Lopez's guilt. *See* Fed.R.Crim.P. 52(a); *McInnis,* 976 F.2d at 1231–32.

In Trujillo–Lopez's pro se supplemental brief, he: (1) challenges the sufficiency of the evidence of his 1998 deportation; (2) collaterally attacks his prior deportations; and (3) contends the district court erred by failing to depart downward based on cultural assimilation.

We reject Trujillo–Lopez's contention that there was insufficient evidence that he was actually deported in 1998. Viewing the evidence in the light most favorable to the prosecution, the testimony and documents adduced at trial amply support the jury's finding beyond a reasonable doubt that Trujillo–Lopez was deported. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Contreras,* 63 F.3d 852, 857–58 (9th Cir.1995).

Trujillo–Lopez's second argument attempts to collaterally attack the validity of the deportations underlying his conviction. He contends that his due process rights were violated during the deportations proceedings because: (1) he was not advised of his right to appeal the respective deportation orders; and (2) the immigration judge failed to consider his eligibility for a hardship waiver under 8 U.S.C. § 1182(h). We decline to consider this issue because it was not properly raised in the district court and no record has been developed. *See United States v. Antonakeas,* 255 F.3d 714, 721 (9th Cir.2001).

Finally, Trujillo–Lopez contends that the district court erred by denying him a downward departure based on cultural assimilation. *See United States v. Lipman,* 133 F.3d 726, 730–31 (9th Cir.1998). Because Trujillo–Lopez never requested such a departure in the district court, the issue is waived. *See United States v. Quesada,* 972 F.2d 281, 283–84 (9th Cir.1992).

Our examination of counsel's brief and our independent review of the record under *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose no further issues for review. Accordingly, counsel's motion to withdraw is GRANTED, and the district court's judgment is AFFIRMED.